## FLORIDA REAL ESTATE COMM., et al v. CRAIG-SHIELDS, et al.

Circuit Court, Dade County, Civil Appeal.

March 26, 1952.

Joseph A. Perkins, Miami, for appellants Craig-Shields Realty, Inc. and J. Larry Shields.

A. C. Franks, Franks & Gordon, Miami, for appellants R. L. Morton and Estelle C. Meyer.

W. H. Poe and George B. Carter, both of Orlando, for appellees.

GEORGE E. HOLT, Circuit Judge.

Appellants seek to review an order of the Florida Real Estate Commission, bearing the date of October 24, 1951.

After a clear statement of facts and convincing argument by the attorney for the appellants, counsel for the appellees conceded, in effect, that the commission was in error in so far as the order related to the appellants J. Larry Shields, Craig-Shields Realty, Inc. and Estelle C. Meyer. Counsel also expressed his opinion to the effect that the only charge against

R. L. Morton which could possibly be sustained was the one which relates to the alleged unauthorized recording of the contract. Counsel for the commission is to be commended for this forthright and honorable act.

Examination of the record reveals that the commission was in error in each instance — for the findings and conclusions of the commission are inconsistent with the evidence and the law.

It affirmatively appears that each of the appellants acted in good faith and that his or her motives were proper and lawful. At all times, immediately after the execution of the contract which gave rise to the matter at hand, the appellants sought and obtained advice of counsel and acted upon the same in a proper manner. Indeed, the appellants solicited and obtained advice from the real estate commission as to the course to pursue, and relied thereon.

On the other hand, the record reveals that the commission's principal or complaining witnesses did not act in good faith. It appears that the complaining witnesses, who were the purchasers under the contract aforementioned, were endeavoring to use, and did use, the good offices of the real estate commission to coerce each and every the other parties to the contract in order to accomplish, if possible, what could not have been otherwise legally done at the time and under the circumstances. While Chapter 475 of Florida Statutes 1951 was enacted principally to protect the public by regulating the activities of real estate brokers, yet by no stretch of the imagination was it designed to be used as a weapon to settle bona fide legal controversies. Honest brokers must be protected from unscrupulous persons. Such protection was not afforded in the instant case.

The great power of the state of Florida as vested in the real estate commission should not be used — as was sought to be done in this case — to coerce, threaten, intimidate, or in any manner influence any member of the real estate profession, to perform an act contrary to law or to the ethics of the situation.

Counsel for the commission so conceded in his argument before the court and stated that the record does not bear out in any wise the accusations made against the appellants, ex-

cept as noted, relative to the recording of the contract, which under the advice of counsel, together with that obtained from the commission, certainly was sufficient authority for the act (recording) to be done.

Taking the record as a whole, the conclusion cannot be escaped that the complaint should never have been filed, and the action of the real estate commission should never have been had.

It follows, therefore, that the order of the commission, bearing date of October 24, 1951, should be reversed, and each of the informations against the appellants should be dismissed. It is so ordered.